1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH J. DONOVAN, | Case No. 1:20-cv-00694-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S MOTION TO STAY AND TO GRANT LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RALPH DIAZ, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND SEND PETITIONER BLANK § 2254 HABEAS FORMS |
| | (ECF No. 2) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has moved for a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), while he exhausts state court remedies. For the reasons stated herein, the undersigned recommends granting the motion to stay, granting Petitioner leave to file a first amended petition setting forth both his exhausted and unexhausted claims for relief, and staying the mixed first amended petition.

## I.

## BACKGROUND

On May 14, 2020,[1] Petitioner constructively filed a petition for writ of habeas corpus, which challenges his 2014 Tuolumne County Superior Court conviction for assault with a deadly

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." <u>Hernandez v. Spearman</u>, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988)). <u>See also</u> Rule 3(d), Rules Governing Section 2254 Cases.

1  weapon. (ECF No. 1 at 1).[2] In the petition, Petitioner raises the following grounds for relief: (1)

2  ineffective assistance of trial counsel for failing to request jury instructions regarding the

3  prosecution's late discovery; and (2) insufficiency of the evidence to prove the great bodily

4  injury enhancement. (ECF No. 1 at 5, 7).

5      Petitioner also moves to stay the instant proceeding pursuant to Rhines v. Weber, 544

6  U.S. 269 (2005). (ECF No. 2). Given "that a motion to stay and abey section 2254 proceedings is

7  generally (but not always) dispositive of the unexhausted claims," the undersigned shall submit

8  findings and recommendation rather than rule on the motion. Mitchell v. Valenzuela, 791 F.3d

9  1166, 1171, 1173–74 (9th Cir. 2015).

10                                          **II.**

11                                    **DISCUSSION**

12  **A.  Stay and Abeyance**

13      A petitioner in state custody proceeding with a petition for writ of habeas corpus must

14  exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion

15  requirement by providing the highest state court with a full and fair opportunity to consider each

16  claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);

17  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If

18  Petitioner has not sought relief in the California Supreme Court for the claims that he raises in

19  the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C.

20  § 2254(b)(1).

21      Petitioner requests that the Court stay the instant proceeding pursuant to Rhines v.

22  Weber, 544 U.S. 269 (2005), while Petitioner exhausts his remedies in state court. (ECF No. 2 at

23  1). Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only

24  when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are

25  potentially meritorious"; and (3) "there is no indication that the petitioner engaged in

26  intentionally dilatory litigation tactics." 544 U.S. at 277–78. Additionally, in the Ninth Circuit

27  there is an alternative stay procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003),

28  _____

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Under

Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any

unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition,

and holds it in abeyance while the petitioner has the opportunity to proceed to state court to

exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the

petitioner may return to federal court and amend his federal petition to include the newly-

exhausted claims. 315 F.3d at 1070–71.

The Ninth Circuit has "noted the important distinctions between the Rhines and Kelly

procedures." King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009). "Rhines allows a district court

to stay a *mixed* petition, and does not require that unexhausted claims be dismissed while the

petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in

Kelly allows the stay of *fully exhausted* petitions, requiring that any unexhausted claims be

dismissed." Id. 1139–40 (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)). "Kelly is not

only a more cumbersome procedure for petitioners, but also a riskier one. A petitioner seeking to

use the Kelly procedure will be able to amend his unexhausted claims back into his federal

petition once he has exhausted them only if those claims are determined to be timely." King, 564

F.3d at 1140–41.

**B. Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to

exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court

has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about

whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in

federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth Circuit

has "held that good cause under Rhines does not require a showing of 'extraordinary

circumstances,' but that a petitioner must do more than simply assert that he was 'under the

---

[3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

1  impression' that his claim was exhausted." <u>Dixon v. Baker</u>, 847 F.3d 714, 720 (9th Cir. 2017)

2  (quoting <u>Jackson v. Roe</u>, 425 F.3d 654, 661–62 (9th Cir. 2005); and <u>Wooten v. Kirkland</u>, 540

3  F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good

4  cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

5  will." <u>Blake</u>, 745 F.3d at 982.

6         Petitioner states that the Court would not abuse its discretion in granting a stay based

7  upon the good cause demonstrated in his attached declaration. (ECF No. 2 at 2). In his

8  declaration, Petitioner sets forth the convoluted procedural history of his post-conviction state

9  court proceedings, which involved lost filings and timeliness issues. Petitioner contends that he

10  is entitled to statutory and equitable tolling of the limitations period. (ECF No. 2 at 11).

11  Although not explicitly stated, it appears that the gravamen of Petitioner's declaration is concern

12  and confusion regarding the timeliness of his various state collateral challenges. <u>See</u> <u>Bernhardt v.</u>

13  <u>Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se*

14  pleadings and motions liberally). Accordingly, Petitioner has satisfied <u>Rhines</u>'s good cause

15  requirement. <u>See</u> <u>Pace</u>, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a

16  state filing would be timely will ordinarily constitute 'good cause' for him to file in federal

17  court.").

18         **C.  Potentially Meritorious Unexhausted Claims**

19         "A federal habeas petitioner must establish that at least one of his unexhausted claims is

20  not 'plainly meritless' in order to obtain a stay under <u>Rhines</u>." <u>Dixon v. Baker</u>, 847 F.3d 714, 722

21  (9th Cir. 2017). "In determining whether a claim is 'plainly meritless,' principles of comity and

22  federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it

23  is perfectly clear that the petitioner has no hope of prevailing.'" <u>Id.</u> (quoting <u>Cassett v. Stewart</u>,

24  406 F.3d 614, 624 (9th Cir. 2005)).

25         Petitioner lists numerous unexhausted claims in his motion to stay that are not included in

26  his petition. Petitioner's unexhausted claims include: (1) ineffective assistance of appellate

27  counsel; (2) ineffective assistance of trial counsel for failure to investigate and object to 911 tape

28  being introduced into evidence; (3) trial counsel's conflict of interest; (4) ineffective assistance

4

1    of trial counsel for failure to investigate and test evidence collected by police; (5) due process

2    violation based on denial of Petitioner's first motion for DNA testing; and (6) ineffective

3    assistance of counsel and denial of due process by the prosecution suppressing exculpatory DNA

4    evidence collected by police. (ECF No. 2 at 11–13).

5            It is not perfectly clear that the Petitioner has no hope of prevailing on his unexhausted

6    claims, and at least one of Petitioner's unexhausted claims appears on its face to not be "plainly

7    meritless." See Strickland v. Washington, 466 U.S. 668, 691 (1984) ("[C]ounsel has a duty to

8    make reasonable investigations or to make a reasonable decision that makes particular

9    investigations unnecessary.").

10           **D.  Conclusion**

11           Petitioner has established "good cause" for his failure to exhaust, and at least one of his

12   unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no

13   indication in the record before the Court that Petitioner engaged in "intentionally dilatory

14   litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the undersigned recommends granting

15   Petitioner's motion to stay this case pending resolution of the unexhausted claims in state court.

16           The Court notes that the petition before this Court contains only Petitioner's exhausted

17   claims. (ECF No. 1). Petitioner states that "after the California Supreme Court renders a

18   decision, if it becomes necessary, [he] intend[s] to file a first amended petition" with his newly

19   exhausted claims. (ECF No. 2 at 13). However, "Rhines allows a district court to stay a *mixed*

20   petition, and does not require that unexhausted claims be dismissed while the petitioner attempts

21   to exhaust them in state court." King, 564 F.3d at 1139–40. Accordingly, the undersigned

22   recommends granting Petitioner leave to file a first amended petition with all his claims—both

23   exhausted and unexhausted—and staying the mixed first amended petition while Petitioner

24   attempts to exhaust his state court remedies.

25                                             **III.**

26                            **RECOMMENDATION & ORDER**

27           Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

28       1.  Petitioner's motion to stay (ECF No. 2) be GRANTED;

                                              5

2.  Petitioner be GRANTED leave to file a first amended petition to set forth both his exhausted and unexhausted claims for relief;

3.  The mixed first amended petition be STAYED pending resolution of the unexhausted claims in state court; and

4.  If Petitioner fails to file a first amended petition, the Court proceed with the three-step Kelly procedure.

Further, the Court DIRECTS the Clerk of Court to randomly ASSIGN a District Court Judge to the present matter and to send Petitioner blank § 2254 habeas forms.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 15, 2020**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE