JEREMIAH J. DONOVAN AC-2091
MULE CREEK STATE PRISON
P.O. Box 409090
IONE, CA. 95640
IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH J. DONOVAN,<br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, SECRETARY,<br>CALIFORNIA DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION,<br>RESPONDENT. | CASE NO.: 1:20-CV-00694-DAD-EPG<br><br>Petitioner' OPPOSITION TO<br>RESPONDENT'S MOTION TO<br>DISMISS. |

Petitioner, JEREMIAH J. DONOVAN, Respectfully Submits The Following Opposition To Respondent's Motion To Dismiss Petitioner' Second Amended Petition For Writ Of Habeas Corpus As Untimely.

DATED: April 4", 2022                     Respectfully Submitted

                                          JEREMIAH J. DONOVAN, Petitioner

Page Number 1

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS.

Petitioner, JEREMIAH J. DONOVAN, will and hereby Johnson v. Avery, 393 US 483 (1969), respectfully submits the following Points and Authorities in support of his opposition to Respondent's Motion to Dismiss Petitioner's Second Amended Petition for Writ of Habeas Corpus as untimely. Petitioner hereby alleges, contends, and argues by this Verified Pleading as follows.

I
INTRODUCTION

1. Petitioner, pursuant to Dye v. Hoffmauer, 546 U.S. 1, 4 (2005), incorporates all the documents filed, and lodged, in the above-entitled matter, by reference as duly set forth herein.

2. Petitioner alleges, contends, and argues that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." (Marbury v. Madison, 5 US 137, 163 (1803); accord Art. I, §9, Cl. 2, United States Constitution.)

3. Petitioner takes exception to Respondent's

2

Page Number

CV-127 (09/09)    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

"DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE," DATED 2/22/22, ON THE GROUND THAT RESPONDENT WAIVED OR FORFEITED THAT OPTION BY WAITING ALMOST TWO YEARS TO MAKE THE REQUEST, AND RESPONDENT HAS NOT OBJECTED TO THE JURISDICTION OF THE MAGISTRATE JUDGE DECIDING ANY PREVIOUS MATTERS UNDER 28 USC § 636 (b)(1)(C). (ECF NO. 2, 7, 9, 10, 11, 13, 18, 20.)

4. IN ADDITION, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT RESPONDENT WAIVED OR FORFEITED THE STATUTE OF LIMITATIONS DEFENSE BY NOT FILING ANY OBJECTIONS TO PETITIONER'S MOTION FOR STAY AND ABEYANCE PROCEDURE ALMOST TWO YEARS AGO. (ECF NO. 2, 9, 10, 11, 13; AND SEE PETITIONER'S "STATUS REPORTS", 1 to 4.)

5. IN ADDITION, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT RESPONDENT" MOTION TO DISMISS SHOULD BE REJECTED. (SEE UNITED STATES v. KOJAYAN, 8 F3d 1315 (9TH CIR. 1993) ("THE PROSECUTOR'S JOB ISN'T JUST TO WIN, BUT TO WIN FAIRLY, STAYING WELL WITHIN THE RULES") ACCORD BERGER v. UNITED STATES, 295 US 78 (1935).) BECAUSE THE IMPEDIMENT UNDER 28 USC § 2244(d) (1)(B), CREATED BY RESPONDENT HAS NOT BEEN REMOVED. (SEE ECF NO. 19 AT "GROUND SIX" AT 29-32.)

6. IN OTHER WORDS, THE IMPEDIMENT CREATED BY RESPONDENT CONTINUES BY SUPPRESSING THE EXCULPATORY EVIDENCE FROM THE DNA TEST RESULTS OF THE EVIDENCE COLLECTED BY POLICE. (BRADY v. MARYLAND,

373 US 83 (1963) (holding that prosecutors have a Constitutional duty to turn over evidence that might show defendant is innocent); Kyles v. Whitley, 514 US 419, 437, 438 (1995) ("The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); See Imbler v. Pachtman, 424 US 409, 427, n. 25 (1976) ("After a conviction the prosecutor also is bound by the ethics of his office to inform the appropriate authority of after-acquired or other information that casts doubt upon the correctness of the conviction."); In Re Lawley (2008) 42 Cal.4th 1231, 1246 (same); People v. Garcia (1993) 17 Cal.App.4th 1169, 1179 (requiring, as a matter of ethics, disclosure during habeas corpus proceedings);

7. Furthermore, Petitioner alleges, contends, and argues that Respondent' Motion to Dismiss Petitioner' Second Amended Petition for Writ of Habeas Corpus (SAP) as untimely (Motion to Dismiss ("Motion")), should be denied for the following reasons.

II
Summary of Background

8. On September 5, 2014 Petitioner was convicted by a jury of assault with a deadly

4
Page Number

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

WEAPON, A HEAVY DUTY MAG FLASHLIGHT. (SEE LOD. DOC. 1, 2 AT p.3.)

9. ON MARCH 21, 2017, AFTER THE CALIFORNIA SUPREME COURT DENIED REVIEW, PETITIONER" JUDGMENT BECAME FINAL 90 DAYS AFTER THE EXPIRATION FOR FILING A PETITION FOR WRIT OF CERTIORARI WITH THE UNITED STATES SUPREME COURT. (LOD. DOCS. 3-4; 28 USC § 2244(d)(1)(A).)

10. PETITIONER" DEADLINE FOR FILING A FEDERAL HABEAS PETITION EXPIRED ON MARCH 21, 2018. (28 USC § 2244(d)(1)(A).)

11. FROM AUGUST 30, 2017 AND UNTIL DECEMBER 22, 2021 PETITIONER SOUGHT REVIEW OF THE JUDGMENT, AND CLAIMS OF HIS CONSTITUTIONAL RIGHTS BEING VIOLATED, PURSUANT TO WHICH HE IS ILLEGALLY AND UNLAWFULLY INCARCERATED, IN THE CALIFORNIA COURTS. (SEE ECF NO. 19 AT 16-26; SEE ALSO LOD. DOCS. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14.)

12. ON MAY 14, 2020 PETITIONER CONSTRUCTIVELY FILED HIS INITIAL FEDERAL PETITION FOR WRIT OF HABEAS CORPUS, THAT WAS ASSIGNED CASE NO. 1:20-CV-00694-EPG-HC. (ECF NO. 1.)

13. IN ADDITION, PETITIONER REQUESTED A STAY AND ABEYANCE PROCEDURE, PURSUANT TO RHINES V. WEBER, 544 U.S. 269 (2005) TO EXHAUST STATE COURT REMEDIES ON THE UNEXHAUSTED CLAIMS LISTED IN HIS MOTION. (ECF NO. 2 AT 11-13.)

14. ON JUNE 15, 2020 THE MAGISTRATE JUDGE MADE FINDINGS AND RECOMMENDATION TO GRANT PETITIONER"

MOTION TO STAY AND TO GRANT PETITIONER LEAVE TO AMEND HIS INITIAL PETITION FOR HABEAS CORPUS. (ECF NO. 9.)

15. IN ADDITION, THE MAGISTRATE JUDGE ISSUED AN ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT COURT JUDGE. (Ibid.)

16. THE HONORABLE DALE A. DROZD WAS ASSIGNED AS THE DISTRICT JUDGE TO DECIDE THE MERITS OF PETITIONER" CLAIMS. (SEE ECF NO. 9.)

17. ON JUNE 29, 2020 PETITIONER SUBMITTED HIS OBJECTIONS TO THE MAGISTRATE JUDGE" FINDINGS AND RECOMMENDATION. (ECF NO. 10.)

18. IN ADDITION, PETITIONER LODGED HIS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS THAT LISTED THE CONSTITUTIONAL CLAIMS THAT HAD BEEN, AND HAD NOT BEEN, EXHAUSTED TO THE CALIFORNIA SUPREME COURT. (ECF NO. 11.) ("MIXED PETITION")

19. ON MARCH 4, 2021 THE DISTRICT COURT JUDGE ADOPTED THE MAGISTRATE JUDGE" FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER" MOTION FOR STAY AND ABEYANCE PROCEDURE PURSUANT TO RHINES V. WEBER, SUPRA, 544 US 269. (ECF NO. 13.)

20. IN ADDITION, BASED UPON THE DISTRICT COURT JUDGE" ORDER, PETITIONER HAS FILED (4) FOUR "STATUS REPORTS" WITH THE DISTRICT COURT, AND RESPONDENT, THAT EXPLAINED HOW PETITIONER WAS EXERCISING "DUE DILIGENCE" FROM AUGUST 30, 2017 AND UNTIL DECEMBER 22, 2021, SEEKING REVIEW OF THE JUDGMENT, AND CLAIMS OF HIS CONSTITUTIONAL RIGHTS BEING

1  VIOLATED, BASED UPON THE "NEWLY DISCOVERED EVIDENCE"
2  FROM THE DNA TEST RESULTS SHOWING PETITIONER IS
3  "ACTUALLY INNOCENT" OF ASSAULT WITH A DEADLY
4  WEAPON, IN THE CALIFORNIA COURTS. (SEE "STATUS
5  REPORT" 1 to 4; SEE ALSO ECF NO. 19 AT 16-26; LOD.
6  DOCS. 5,6,7,8,9,10,11,12,13,14.)
7  21. ON JANUARY 21, 2022 PETITIONER CONSTRUCTIVELY
8  FILED HIS SECOND AMENDED PETITION FOR WRIT OF HABEAS
9  CORPUS ("SAP"), WITHIN 30 DAYS OF THE CALIFORNIA
10 SUPREME COURT DENYING HIS STATE HABEAS PETITION
11 WITHOUT CITING "ANY" PROCEDURAL BARS TO FEDERAL
12 REVIEW, ON DECEMBER 22, 2021.[1] (ECF NO. 18, 19; LOD
13 DOC. 14.)

14
15                         III
16 RESPONDENT ARBITRARILY AND ERRONEOUSLY CLAIMED
17 THAT PETITIONER DID NOT FILE A STATE POST CONVICTION
18 APPLICATION WITHIN THE LIMITATIONS PERIOD, AND THAT
19 PETITIONER IS NOT ENTITLED TO STATUTORY AND/OR
20
21
22 FOOTNOTE 1: IN PETITIONER'S PETITION FOR REVIEW, FILED WITH
23 THE CALIFORNIA SUPREME COURT ON AUGUST 19, 2021, PETITIONER
24 SOUGHT LEAVE OF THE COURT TO PRESENT AND INCORPORATE HIS
25 HABEAS CLAIMS AS A "PREDICATE TO INTELLIGENT RESOLUTION" OF THE
26 QUESTION(S) PRESENTED AND ARE "FAIRLY INCLUDED WITHIN" THE
27 QUESTION(S) PRESENTED. (LOD. DOC. 11 AT PP. 5, 14 FN. 1; LOD. DOC. 13.)
28 PETITIONER'S STATE HABEAS WAS FILED WITH THE CALIFORNIA SUPREME
   COURT ON SEPTEMBER 13, 2021, BEFORE REVIEW WAS DENIED.
   (LOC. DOCS. 13, 12.)

EQUITABLE TOLLING OF THE LIMITATIONS PERIOD.

.A.

22. Respondent argued that Petitioner's SAP should be dismissed as untimely because Petitioner filed his SAP on January 24, 2022, over (3) three years after expiration of the AEDPA's 1-year limitations period on March 21, 2018. (Motion at 3-5.)

23. In addition, Respondent argued that Petitioner is not entitled to statutory tolling, and/or equitable tolling, because Petitioner did not file any state collateral actions within the limitations period. (Id. at 3-5, 4-5.)

24. In addition, Respondent argued that Petitioner is not entitled to a later trigger date of the limitations period under 28 USC § 2244(d)(1)(D). (Motion at 4.)

25. Furthermore, Respondent argued that a Habeas Petition is not a vehicle for Petitioner to search for evidence from DNA test results to support his claims of his constitutional rights being violated. (Id. at 4-5.)

26. Petitioner takes exception to the sufficiency of Respondent's arguments on the ground that they are "contrary to" clearly established Federal law as determined by the United States Supreme Court.

27. In addition, Petitioner denies and disputes

8
Page Number

EACH AND EVERY ALLEGATION AND/OR ARGUMENT MADE BY RESPONDENT AS BEING ARBITRARY, UNREASONABLE, AND CLEARLY ERRONEOUS.

B.

28. "THE TIME DURING WHICH A PROPERLY FILED APPLICATION FOR STATE POST-CONVICTION OR OTHER COLLATERAL REVIEW WITH RESPECT TO THE PERTINENT JUDGMENT OR CLAIM IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATION." (28 U.S.C. § 2244(d)(2).)

29. THE CORRECT INTERPRETATION OF 28 USC § 2244(d)(2) IS THAT WORD "STATE" APPLIES TO "POST-CONVICTION OR OTHER COLLATERAL REVIEW" ONLY IN STATE COURTS, NOT FEDERAL COURTS, TOLLS THE LIMITATIONS PERIOD. (ARTUZ V. BENNETT, 531 US 4 (2000); DUNCAN V. WALKER, 533 US 167 (2001); TILLEMAN V. LONG, 253 F3d 494 (9TH CIR. 2001).)

30. PETITIONER HAS NO FEDERAL SUBSTANTIVE DUE PROCESS RIGHT TO OBTAIN DNA TESTING. (SKINNER V. SWITZER, 562 US 521, 524-525 (2011).)

31. HOWEVER, PETITIONER HAS A PROCEDURAL DUE PROCESS RIGHT TO A VIABLE MECHANISM FOR OBTAINING SUCH TESTING. (Id.; SEE UNITED STATES V. DEWESTON, 792 F3d 1174, 1181-82 (9TH CIR. 2015)(FEDERAL DNA ACT, 18 USC § 3600, ALSO ALLOWS FOR DNA TESTING).)

32. AS DESCRIBED IN GROUND FOURTEEN OF

Petitioner' SAP (ECF No. 19, "Ground Fourteen" at 121-140), Petitioner Relied upon MORRISON V. PETERSON, 809 F3d 1059, 1064-65 (9TH Cir. 2015), to argued to the California Supreme Court clearly established Federal law as determined by the United States Supreme Court to show that Petitioner's Due Process Rights under DIST. ATTY. FOR THIRD JUDICIAL DIST. V. OSBORNE, 557 US 52, 68 (2009); and/or SCHLUP V. DELO, 513 US 298, 324, 327 (1995); HOUSE V. BELL, 547 US 518, 536-537, 540-541 (2006), were violated by the trial court arbitrarily denying Petitioner' Motions for DNA Testing and Request for Counsel. (LOD. DOC. 11 at 5-31, 2-3.)

33. In addition, Petitioner argued to the California Supreme Court that a state post-conviction discovery procedures will be upset "only if they are fundamentally inadequate to vindicate the substantive rights provided." (Id. at p. 25, citing MORRISON V. PETERSON, Supra, 809 F3d at 1064-65 (quoting OSBORNE,

---

FOOTNOTE 2: Petitioner did inform the California Supreme Court that the trial judge was biased and denied Petitioner' motions for DNA testing and habeas petition to cover up the trial judge violating Petitioner' Constitutional Rights that resulted in the wrongful conviction of an innocent man. (ECF No. 19, "Ground Ten", "Ground Twelve", "Ground Thirteen"; see also LOD. DOC. 11 at p. 5; LOD DOC. 13, "Grounds Eight, Ten, & "A"")

supra, 557 US at 69).)

34. Furthermore, Petitioner exhausted state court remedies on his "Actual Innocent" claim, as well as his other constitutional claims entitling Petitioner to Habeas Corpus Relief the District Court Judge deems just and proper. (Lod. Doc. 11, at 13, 15-16, 22, 24-30; Lod. Doc. 13, 14; ECF No. 9.)

C.

35. Petitioner alleges, contends, and argues pursuant to Wall v. Kholi, 562 US 545, (2011), that his motions for DNA testing and for appointment of counsel under California Penal Code § 1405, sought review of the pertinent judgment, and claims of his constitutional rights being violated resulting in the wrongful conviction of an innocent man, from August 30, 2017 and until December 22, 2021 while exercising "Due Diligence" to exhaust state court remedies, constitutes "Post-Conviction or Other Collateral Review" under 28 USC § 2244(d)(2). (Id. at 552, 553, 547, 556 n.4; Duncan v. Walker, supra, 533 US at 172, 175, 176; see Hutson v. Quarterman, 508 F2d 236, 240 (5th Cir. 2007) (per curiam) (motion to test DNA evidence under Texas Code of Criminal Procedure, Article 64, constitutes "Other Collateral Review" and thus tolls the AEDPA one-year limitations period); cf Cal. Penal Code § 1509.1(d) (an application to the California Supreme

Court for the Superior Court to consider a motion for filing a successive motion or untimely initial motion for postconviction review under Penal Code § 1509.7(a) is not an "Application for state postconviction or other collateral review within the meaning of 28 USC § 2244(d)(2)".).)

36. Therefore, Petitioner alleges, contends, and argues pursuant to Day v. McDonough, 547 US 198 (2006), Petitioner is entitled to statutory and equitable tolling of the AEDPA one-year limitations period from August 30, 2017 and until December 22, 2021, while Petitioner exercised "Due Diligence" seeking DNA testing of the evidence collected by police to show that he is "actually innocent" of assault with a deadly weapon, and "but for" the constitutional errors (See ECF No. 19), "it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." (McQuiggin v. Perkins, 133 S. Ct. 1924, 1933, 1935 (2013) (quoting Schlup v. Delo, supra, 513 US at 329, 327); see Day v. McDonough, supra, 547 US at 201 (the one-year clock is stopped ... during the time the Petitioner properly filed application for state postconviction relief is pending.); Ford v. Moore, 296 F.3d 1035, 1040 (11th Cir. 2002) (Per Curiam) (the federal habeas statutory limitations period is tolled regardless of whether a properly filed state post-conviction

petition or other collateral review raises a federally cognizable claim); accord Tilleman v. Long, supra, 253 F3d 494.)

### D.

31. THEREFORE, BASED UPON THE FOREGOING REASONS THE DISTRICT COURT JUDGE SHOULD DENY RESPONDENT'S MOTION TO DISMISS PETITIONER'S SAP AS UNTIMELY. (FED. R. CIV. P., Rule 12(F), (h).)

### IV

RESPONDENT ERRONEOUSLY CLAIMED THAT PETITIONER IS NOT ENTITLED TO A LATER TRIGGER DATE OF THE LIMITATIONS PERIOD UNDER 28 USC § 2244(d)(1)(D).

### A.

28. RESPONDENT ERRONEOUSLY CLAIMED THAT PETITIONER IS NOT ENTITLED TO A LATER TRIGGER DATE OF THE LIMITATIONS PERIOD UNDER 28 USC § 2244(d)(1)(D), BASED UPON THE DNA TEST RESULTS SHOWING PETITIONER IS "ACTUALLY INNOCENT", AS DESCRIBED IN PETITIONER'S SAP. (ECF NO. 19, "GROUND FIVE", "GROUND SIX", AND "GROUND FOURTEEN".)

### B.

29. THE CORRECT INTERPRETATION OF 28 USC § 2244(d)(1)(D), ONLY REQUIRES THE HABEAS

Petitioner to exercise "due" or "reasonable" diligence in uncovering factual bases for "actual innocence" claim under Schlup v. Delo. (See Gonzalez v. Evans, 622 F3d 1173 (9th Cir. 2010); see also Lee v. Lampert, 653 F3d 929 (9th Cir. 2011))

40. If the Petition alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (McQuiggin v. Perkins, supra, 133 S.Ct. at 1929 (quoting 28 U.S.C. § 2244(d)(1)(D)))

41. Petitioner alleges, contends, and argues that AEDPA one-year limitations period does not start until Respondent discloses the DNA test results of the evidence collected by police. (Scarlett v. Sec'y, 404 Fed. Appx. 294 (11th Cir. 2010) (limitations period began date of the first DNA report, from which factual predicate could have been discovered.); cf. Clark v. Oklahoma, 468 F3d 711 (10th Cir. 2006) (Petitioner failed to explain why documents held by state were necessary to pursue his federal claim, and he also did not show diligent pursue of his claims even after receiving materials))

C.

42. Therefore, based upon the foregoing

14
Page Number

1  REASONS THE DISTRICT COURT JUDGE SHOULD DENY
2  RESPONDENT'S MOTION TO DISMISS PETITIONER'S
3  SAP AS UNTIMELY. (FED. R. CIV. P., RULE 12(F), (h).)

## V.
## Conclusion.

43. THEREFORE, Petitioner alleges, contends, and argues pursuant to BRACY v. GRAMLEY, 520 US 899, 908-909 (1997), THAT THE DISTRICT COURT JUDGE SHOULD ORDER RESPONDENT TO COLLECT THE EVIDENCE FROM THE Tuolumne COUNTY SHERIFF DEPARTMENT (SEE ECF NO. 19 AT PARAGRAPH 406; Lod Doc 11 AT PARAS. 12-17; SEE ALSO ECF NO. 19, EXHIBIT D AT pp. #5, #7-#8; EXHIBIT E AT pp. #1-#2), AND HAVE THE FBI LABORATORY CONDUCT DNA TESTS ON THE EVIDENCE, AND DISCLOSE THE DNA TESTS RESULTS TO THE DISTRICT COURT JUDGE, AND PETITIONER. (BRACY v. GRAMLEY, SUPRA, 520 US AT 908-909 (GOOD CAUSE IS SHOWN WHERE "specific allegations BEFORE THE COURT SHOW REASON to BELIEVE THAT THE Petitioner MAY, If the facts are fully developed, BE ABLE TO DEMONSTRATE THAT HE IS ... ENTITLED TO RELIEF."); Sims v. BROWN, 425 F3d 560, 577 (9th CIR. 2005); PHAM v. TERHUNE, 400 F3d 740, 743 (9th CIR. 2005) (A DISTRICT COURT ABUSES ITS DISCRETION IN NOT ORDERING DISCOVERY WHEN DISCOVERY IS "ESSENTIAL" FOR THE HABEAS PETITIONER TO "DEVELOP Fully" HIS

underlying claim); MCDANIEL v. UNITED STATES DIST. COURT, 127 F3d 886, 888 (9TH CIR. 1997) (DISTRICT COURT DID NOT ERR IN ORDERING DISCOVERY WHERE PETITIONER' ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL WERE NOT purely SPECULATIVE OR UNSUPPORTED BY THE RECORD); SEE JONES V. WOOD, 114 F3d 1002, 1004, 1009 (9TH CIR. 1997) (JONES CLAIMED HE WAS ACTUALLY INNOCENT AND TRIAL COUNSEL FAILED TO HAVE THE EVIDENCE (BLOODY CLOTHING) TESTED FOR DNA, AND JONES SOUGHT AN ORDER FOR THE FBI LAB TO CONDUCT TESTS ON THE CLOTHES HE WAS WEARING THE NIGHT OF THE MURDER).) THUS, THE IMPEDIMENT UNDER 28 USC § 2244(d)(1)(B), AS DESCRIBED ABOVE IN PARAGRAPH 6, WOULD BE REMOVED.[3]

DATE: April 4TH, 2022

Respectfully Submitted

/s/

JEREMIAH J. DONOVAN, PETITIONER

FOOTNOTE 3: PURSUANT TO FED. R. CIVIL P., Rule 15(c), PETITIONER' SAP "Relates Back" TO MAY 14, 2020. (MAYLE V. FELIX, 545 644, 664 (2005).)

## Verification By Petitioner

I, JEREMIAH J. DONOVAN, DECLARE UNDER THE PENALTY OF PERJURY, 28 USC § 1746, THAT THE FOREGOING IS TRUE AND CORRECT BASED UPON MY OWN PERSONAL KNOWLEDGE. AND AS TO MATTERS BASED UPON INFORMATION I BELIEVE THOSE MATTERS (CITED AUTHORITIES) TO BE TRUE AND CORRECT.

EXECUTED ON THE 4TH DAY OF APRIL 2022, AT MULE CREEK STATE PRISON, IONE, CA. 95640.

*/s/ Jeremiah J. Donovan*
JEREMIAH J. DONOVAN, DECLARANT.

## Verification By Jailhouse Lawyer

I, STEPHEN F. SNOW K20414, DECLARE UNDER THE PENALTY OF PERJURY, 28 USC § 1746, THAT THE FOREGOING IS TRUE AND CORRECT BASED UPON MY OWN PERSONAL KNOWLEDGE FROM READING PETITIONER'S LEGAL PAPERS AND CITED AUTHORITIES.

EXECUTED ON THE 4TH DAY OF APRIL 2022, AT MULE CREEK STATE PRISON, IONE, CA. 95640.

*/s/ Stephen F. Snow*
STEPHEN F. SNOW, DECLARANT

JOHNSON V. AVERY, SUPRA, 393 US 483.

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) SS  DONOVAN v. ALLISON
County of __Amador__ )  CASE NO. 1:20-CV-00694-DAD-EPG

[C.C.C. §§446, 2015.5; 28 U.S.C. §1746]

I, __STEPHEN SNOW, K-20414__, am a resident of the State of California and am over the age of eighteen years and am not a party to the above action. My address is listed below. Mule Creek State Prison
PO BOX 409090
IONE, CA 95640

On __April 6th, 2022__, I served the following documents:

__Petitioner's opposition to Respondent's motion to Dismiss.__

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States mail by delivering to prison officials for processing through the Institution's internal legal mail system at Ione, California, addressed as follows:

UNITED STATES COURTS
OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO, CALIFORNIA 93721-1318

STATE OF CALIFORNIA
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of Amador, California on __April 6th, 2022__.

_/s/ Stephen F. Snow_

Pursuant to the holding of the United States Supreme Court in <u>Houston v Lack</u> 108 S.Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4(c) inmate legal documents are deemed filed on the day they are delivered to prison staff for processing and mailing vial the Institution's internal legal mail procedures.