FILED
OCT 05 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

JEREMIAH J. DONOVAN AC2097
MULE CREEK STATE PRISON
P.O. BOX 409090
IONE, CA. 95640
IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH J. DONOVAN, Petitioner, v. PATRICK COVELLO, WARDEN, Respondent. | CASE NO. 1:20-CV-00694-ADA-EPG<br><br>PETITIONER' OBJECTIONS TO THE MAGISTRATE JUDGE'' FINDINGS AND RECOMMENDATIONS. (VERIFICATION) (HEARING REQUESTED). |

TO: THE HONORABLE ANA DE ALBA, DISTRICT COURT JUDGE:

PETITIONER, JEREMIAH J. DONOVAN, BY AND THROUGH JOHNSON V. AVERY, 393 US 483 (1969), WILL AND HEREBY RESPECTFULLY SUBMITS THE FOLLOWING OBJECTIONS TO THE MAGISTRATE JUDGE'' FINDINGS AND RECOMMENDATIONS.

PETITIONER ALLEGES, CONTENDS, AND ARGUES BY THIS VERIFIED PLEADING THAT THE ABOVE-ENTITLED COURT SHOULD REJECT THE MAGISTRATE JUDGE' FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'' MOTION TO DISMISS PETITIONER'S FEDERAL SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS (SAP) AS UNTIMELY, BASED ON THE FOLLOWING REASONS:

I

INTRODUCTION.

1. PETITIONER, PURSUANT TO DYE V. HOFBAUER, 546 U.S. 1, 4 (2005) (PER CURIAM), INCORPORATES ALL THE FILES, RECORDS, EXHIBITS, AND DOCUMENTS LODGED BY RESPONDENT (LD), FILED WITH THE ABOVE-ENTITLED COURT BY REFERENCE AS DULY SET FORTH, IN SUPPORT OF THE FOLLOWING OBJECTIONS TO THE MAGISTRATE JUDGE'' FINDINGS AND RECOMMENDATIONS.

2. IN ADDITION, PETITIONER RESPECTFULLY REQUESTS PURSUANT TO RULE 7 OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT (HABEAS RULE), TO ORDER RESPONDENT TO PRODUCE, AND LODGED WITH THIS COURT, A TRUE AND CORRECT COPY OF THE STATE COURT RECORD FROM PEOPLE V. DONOVAN, 2021 CAL. APP. UNPUB LEXIS 4546 (CAL. APP. 5TH DIST., JULY 14, 2021, F081240), THAT CONSISTS OF:

a.) Clerk'' Transcript, Volume 1 of 1, pages 1 to 145, Filed June 30, 2020 ("CT");

b.) Clerk'' Transcript Augment, Volume 1 of 1, pages 1 to 44, Filed November 10, 2020 ("ACT"). (See Cullen v. Pinholster, 563 US 170 (2011); Harris v. Nelson, 394 US 286 (1969).)

3. In addition, Petitioner alleges, contends, and argues pursuant to Fed. R. Civ. P., Rule 15(c), that the claims in his SAP "Relates Back" to May 14, 2020, the date Petitioner'' original habeas petition was constructively filed in this Court. (Mayle v. Felix, 545 US 644, 659, 664 (2005).)

4. Furthermore, Petitioner alleges, contends, and argues pursuant to 28 USC § 1651(a), that this Court should compel Respondent to produce the exculpatory evidence from the DNA tests on the evidence collected by law enforcement officials that the prosecution suppressed in violation of Brady v. Maryland, 373 US 83 (1963) (See SAP at pp. 29-32, 44-52, 21-28), on the ground that such an 'order' being "necessary or appropriate in aid of" this Court'' habeas jurisdiction to ensure meaningful and effective adjudication of Petitioner'' claims under Schlup v. Delo, 513 US 298 (1995), in that Petitioner is "actually innocent" and 'but for' the constitutional error(s), alleged in Petitioner'' SAP, it is more likely than not

THAT "NO REASONABLE JUROR WOULD HAVE FOUND PETITIONER GUILTY BEYOND A REASONABLE DOUBT." (McQUIGGIN V. PERKINS, 133 S. CT. 1924, 1928, 1932 (2013); HOUSE V. BELL, 547 US 518, 536-537 (2006); SCHLUP V. DELO, SUPRA, 513 US AT 315, 316, 324, 327, 329; SEE LEE V. LAMPERT, 653 F3d 929, 932 (9TH CIR 2011) (EN BANC); AND SEE SAP AT 121-140, 21-28, 29-32, 33-43, 44-52, 53-65, 66-67, 95-120; Id. AT 177-185, 186-187; SEE ALSO LD #11, #12, #13.)

5. IN SUPPORT OF PARAGRAPH 4, PETITIONER ALLEGES, CONTENDS, AND ARGUES PURSUANT TO EX PARTE ROYALL, 117 US 241, 251 (1886),[1] THAT HE HAS EXHAUSTED STATE COURT REMEDIES ON HIS "ACTUAL INNOCENT" CLAIM UNDER SCHLUP V. DELO, SUPRA, 513 US 298, BY THE CALIFORNIA SUPREME COURT RENDERING A DECISION ON THE MERITS OF PETITIONER' CLAIMS. (SEE LD #11, #12, #13, #14; SEE ALSO HANSON V. BAKER, 766 FED. APPX. 501, 503-504 (9TH CIR. 2019); KOERNER V. GRIGAS, 328 F3d 1039, 1046 (9TH CIR 2003) (EXHAUSTION REQUIRES PRESENTATION OF THE "OPERATIVE FACTS" AND "LEGAL THEORY"); CF JONES V. TAYLOR, 763 F3d 1242 (9TH CIR 2014) (WHERE A PETITIONER DID NOT RAISE HIS "ACTUAL INNOCENCE" CLAIM IN STATE COURT IT WAS NOT ADJUDICATED ON THE MERITS IN STATE COURT PROCEEDINGS); SEE LD AT 7-8; FOSTER V. CHATMAN, 578 US 1023, 195 LED 2d 1, 30-32 (2016); RIPPO V. BAKER, 137 SCT 905, 907, N. 1 (2017).)

FOOTNOTE 1: SEE IRVIN V. DOWD, 359 US 394, 406-407, 395-406 (1959) (DECISION OF THE MERITS).)

6. IN SUPPORT OF PARAGRAPH 4, PETITIONER ALLEGES, CONTENDS, AND ARGUES PURSUANT TO SHINN V. RAMIREZ, 142 SCT 1718, 1734 (2022), THAT PETITIONER IS NOT "AT FAULT" FOR THE UNDEVELOPED STATE COURT RECORD OF THE DNA TEST RESULTS. (SEE SAP AT 29-32, 44-52, 21-28; SEE ALSO BRADFORD V. DAVIS, 923 F3d 599, 609-615 (9TH CIR. 2019) (THE COURT HELD THAT PREJUDICE FROM PROSECUTORIAL MISCONDUCT FOR SUPPRESSION OF TOXICOLOGY TEST RESULTS ESTABLISHED CAUSE TO OVERCOME PROCEDURAL DEFAULT OF THE CLAIM FOR PROSECUTORIAL MISCONDUCT FOR SUPPRESSION OF TOXICOLOGY TEST RESULTS); LONG V. HOOKS, 972 F3d 442 (4TH CIR. 2020) (HOLDING THAT THE PROSECUTION SUPPRESSED DNA EVIDENCE IN VIOLATION OF BRADY V. MARYLAND, 373 US 83, AND INSTRUCTED THE DISTRICT COURT TO DETERMINE IF PETITIONER IS "ACTUALLY INNOCENT."); HOUSE V. BELL, SUPRA, 547 US AT 521-55, (FINDING NEW DNA EVIDENCE INDICATED THAT HOUSE WAS ACTUALLY INNOCENT. THUS, HE SATISFIED THE GATEWAY SET FORTH IN SCHLUP V. DELO, SUPRA, AND MAY PROCEED ON REMAND WITH PROCEDURALLY DEFAULTED CONSTITUTIONAL CLAIMS); SEE TONEY V. GAMMON, 79 F3d 693, 700 (8TH CIR. 1996); JONES V. WOOD, 114 F3d 1002, 1009 (9TH CIR. 1997).)

7. THEREFORE, BASED UPON THE FOREGOING REASONS, AS WELL AS THE REASONS DESCRIBED IN PETITIONER'S SAP (SEE SAP AT 21-28, 29-32, 33-43, 44-52, 53-65, 66-77,

78-85, 86-94, 95-120, 121-140, 3-14, 15-20, THIS COURT SHOULD ORDER RESPONDENT TO PRODUCE THE EXCULPATORY EVIDENCE FROM THE DNA TESTS ON THE EVIDENCE COLLECTED BY LAW ENFORCEMENT OFFICIALS THAT THE PROSECUTION SUPPRESSED IN VIOLATION OF BRADY V. MARYLAND, SUPRA, 373 US 83.[2] (SEE BRACY V. GRAMLEY, 520 U.S. 899, 908-909 (1997) (A COURT MUST PERMIT DISCOVERY IN A PROCEEDING ONLY "WHERE SPECIFIC ALLEGATIONS BEFORE THE COURT SHOW REASON TO BELIEVE THAT THE PETITIONER MAY, IF THE FACTS ARE MORE FULLY DEVELOPED, BE ABLE TO DEMONSTRATE THAT HE IS ... ENTITLED TO RELIEF." (QUOTING HARRIS V. NELSON, SUPRA, 394 US AT 300)); SEE ALSO CHERRIX V. TRUE, 177 F. SUPP. 2d 485, 495 (E.D. VIRG. 2001) (AS JUSTICE FORTAS WROTE IN HARRIS V. NELSON, SUPRA, THE VERY NATURE OF THE WRIT OF HABEAS CORPUS DEMANDS THAT IT BE ADMINISTERED

FOOTNOTE 2: FOR A BRADY VIOLATION TO OCCUR, "THE GOVERNMENT MUST HAVE WILLFULLY OR INADVERTENTLY FAILED TO PRODUCE THE EVIDENCE" AND "THE SUPPRESSION MUST HAVE PREJUDICED THE DEFENDANT". (MILKE V. RYAN, 711 F.3d 998, 1012 (9th CIR 2013); SEE KYLES V. WHITLEY, 514 US 419, 437 (1995) (A "PROSECUTOR HAS A DUTY TO LEARN OF ANY FAVORABLE EVIDENCE KNOWN TO THE OTHERS ACTING ON THE GOVERNMENT'S BEHALF IN THE CASE."); ACCORD YOUNGBLOOD V. WEST VIRGINIA, 547 US 867, 869-70 (2006) (PER CURIAM) ("WHEN THE GOVERNMENT FAILS TO TURN OVER EVEN EVIDENCE THAT IS KNOWN ONLY TO POLICE INVESTIGATORS AND NOT TO THE PROSECUTOR"); STRICKLER V. GREENE, 527 US 263, 280 (1999) (THE DUTY TO DISCLOSE FAVORABLE EVIDENCE IS APPLICABLE EVEN THOUGH THERE HAS BEEN NO REQUEST BY THE ACCUSED).)

WITH THE INITIATIVE AND FLEXIBILITY ESSENTIAL TO INSURE THAT MISCARRIAGE OF JUSTICE WITHIN ITS REACH ARE SURFACED AND CORRECTED); HARRIS V. NELSON, SUPRA, 394 US AT 291; SEE ALSO CHERRIX V. TRUE, SUPRA, 177 F. SUPP. 2d 485 (COURT ORDERED PETITIONER'S ACCESS TO BIOLOGICAL EVIDENCE FOR PURPOSE OF DNA TESTING; BECAUSE 28 USC § 1651 PROVIDES FEDERAL HABEAS COURT WITH AUTHORITY TO FASHION DISCOVERY PROCEDURES NECESSARY TO ENSURE MEANINGFUL ADJUDICATION OF CLAIM OF ACTUAL INNOCENCE), AFFIRMED CHERRIX V. TRUE, 205 F. SUPP 2d 525, 525-531, FN. 2 (E.D. VIR. 2002).) BECAUSE, NOTWITHSTANDING THE FACT THAT IT WAS NOT PETITIONER'S FAULT IN "FAIL[ING] TO DEVELOP THE FACTUAL BASIS OF A CLAIM IN STATE COURT PROCEEDINGS", (SEE SHOOP V. TWYFORD, 142 S.CT 2037, 2044 (2022); SHINN V. RAMIREZ, SUPRA, 142 S.CT AT 1734), THE EXCULPATORY EVIDENCE FROM THE DNA TEST RESULTS WOULD DEMONSTRATE, "BY CLEAR AND CONVINCING EVIDENCE" THAT "NO REASONABLE FACTFINDER" WOULD HAVE CONVICTED PETITIONER OF ASSAULT WITH A DEADLY WEAPON. (SEE SAP AT 121-140, 21-28, 29-32, 33-43, 44-52, 53-65, 66-77, 95-120; SEE ALSO PEOPLE V. CARTER (1957) 48 CAL. 2d 737, 749-750 (FROM AN ANALYSIS OF THE BLOOD SPOTS ON DEFENDANT'S CLOTHES, THE EXPERT STATED THAT IF THE BLOOD WAS SPATTERED ON THE CLOTHES AT THE TIME THE VICTIM WAS BEATEN, THE PERSON WEARING THEM MUST HAVE BEEN NOT MORE THAN TWO AND ONE-HALF FEET FROM THE SOURCE OF THE BLOOD); PEOPLE V. HODGES (2016) 2016 CAL. APP. UNPUB LEXIS 98 (CAL. APP. 3 DIST., JAN. 8, 2016, C076991) AT *5 (A FORENSIC SCIENTIST TESTIFIED HE TESTED THE

Defendant" Clothes and the Hammer for Blood; and there were small amounts of blood on the tip of the hammer, Defendant's jeans, T-shirt, and boxer shorts); People v. Clark (1993) 5 Cal. 4th 950, 1017-1018 (It is a matter of common knowledge, readily understood by the jury, that blood will be expelled from the human body if it is hit with sufficient force and that inferences can be drawn from the manner in which the expelled blood lands upon other objects).)[3]

Footnote 3: In light of the fact that the victim was hit in the head with a heavy duty mag flashlight with such force as to cause an injury that required several staples in his head to close the injury, and caused the victim' blood to be splattered onto his head, face, and the surrounding area, (see Habeas Exhibit B at "Exhibit 15-A"; Habeas Exhibit C at 1-10, 2; Habeas Exhibit E at pp. #1, #2, #3, #4, #5, #9, #10; CT at 61-62, 71-72, 73-75, 79-80), then the victim' blood would have splattered onto the clothes of the perpetrator and the heavy duty mag flashlight. (See People v. Carter, Supra, 48 Cal. 2d at 749-150; People v. Hodges, Supra; People v. Clark, Supra, 5 Cal. 4th at 1017-18.) Thus, the victim' DNA would not be found on the heavy duty mag flashlight, or Petitioner" clothes seized by police. (See Habeas Exhibit D at pp #5, #7, #8, #11, #12; Habeas Exhibit E at pp. #1, #2; CT at 32, 85, 86, 88, 89.) Because Petitioner was home with his wife at the time of the assault. (CT at 16, 88, 90; See SAP at 33-43.)

II

PETITIONER'' OBJECTIONS TO THE MAGISTRATE JUDGE'' FINDINGS AND RECOMMENDATIONS.

A.

8. THE MAGISTRATE JUDGE RECOMMENDED GRANTING RESPONDENT'' MOTION TO DISMISS PETITIONER'' SAP AS UNTIMELY UNDER 28 USC § 2244(d). (ECF NO. 29 AT 4-12, 12; ECF NO. 25.) THE MAGISTRATE JUDGE'' RECOMMENDATIONS ARE BASED UPON THE FOLLOWING FINDINGS:

9. THAT THERE WAS NOT A STATE-CREATED IMPEDIMENT UNDER 28 USC § 2244(d)(1)(B), BECAUSE THE PROSECUTION DID NOT SUPPRESS THE EXCULPATORY EVIDENCE OF THE DNA TEST RESULTS. (ECF NO. 29 AT 4-5.)

10. THAT PETITIONER DID NOT ESTABLISH THAT THE DENIALS OF HIS REQUESTS FOR DNA TESTING ARE A STATE-CREATED IMPEDIMENT IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES," AS REQUIRED BY 28 USC § 2244(d)(1)(B). (ECF NO. 29 AT 5-6.)

11. THAT PETITIONER IS NOT ENTITLED UNDER 28 USC § 2244(d)(1)(D), TO HAVE THE ONE-YEAR LIMITATION PERIOD TO BEGIN BASED ON THE DNA RESULTS. (ECF NO. 29 AT 6-7.)

12. THAT PETITIONER WAS NOT ENTITLED TO STATUTORY TOLLING UNDER 28 USC § 2244(d)(2), BASED ON PETITIONER FILING HIS FIRST STATE HABEAS PETITION ON JANUARY 2, 2020, AND FOUR MORE STATE HABEAS PETITIONS THEREAFTER. (Id. AT 8.)

13. IN ADDITION, THAT PETITIONER' MOTIONS FOR DNA TESTING AND APPOINTMENT OF COUNSEL, FILED FROM AUGUST 30, 2017 to DECEMBER 22, 2021, DID NOT WARRANT STATUTORY TOLLING, BECAUSE HIS MOTIONS UNDER CALIFORNIA PENAL CODE § 1405 WERE NOT DIRECT REQUESTS FOR JUDICIAL REVIEW OF HIS JUDGMENT. (ECF NO. 29 AT 8-9)

14. THAT PETITIONER' MOTIONS FOR DNA TESTING DID NOT WARRANT EQUITABLE TOLLING BECAUSE HIS MOTIONS DO NOT CONSTITUTE EXTRAORDINARY CIRCUMSTANCES. (ECF NO. 29 AT 9-10)

15. THAT PETITIONER DID NOT SATISFY THE REQUIREMENT FOR HIS "ACTUAL INNOCENCE" GATEWAY CLAIM, BECAUSE DNA TESTING HAS NOT BEEN CONDUCTED AND PETITIONER DID NOT SHOW THE TESTING RESULTS WERE EXCULPATORY EVIDENCE THAT WOULD MAKE IT "MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE CONVICTED HIM." (ECF NO. 29 AT 10-11 (QUOTING Schlup V. Delo, SUPRA, 513 US AT 327).)

16. IN ADDITION, THAT EVEN IF DNA TESTING REVEALED THAT THE VICTIM' DNA WAS NOT PRESENT ON THE DEADLY-WEAPON (HEAVY DUTY MAG FLASHLIGHT, SLUICE BOX, AND PETITIONER CLOTHING, ALL SEIZED AT PETITIONER' RESIDENCE, IT WOULD NOT QUALIFY FOR THE "ACTUAL INNOCENCE" GATEWAY EXCEPTION; BECAUSE IT WOULD NOT BE SUFFICIENT TO UNDERMINE THE IDENTIFICATIONS OF PETITIONER MADE BY MONROE IN THE 911 CALL AND MADE BY MONROE AND PALMER

TO THE INVESTIGATING OFFICER IMMEDIATELY AFTER THE ASSAULT SUCH THAT "IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE FOUND PETITIONER GUILTY BEYOND A REASONABLE DOUBT." (ECF NO 29 AT 11 (QUOTING SCHLUP V. DELO, SUPRA, 513 US AT 327).)

.B.

17. PETITIONER TAKES EXCEPTION TO THE SUFFICIENCY OF THE MAGISTRATE JUDGE' FINDINGS AND RECOMMENDATIONS ON THE GROUND THAT THE FINDINGS ARE FUNDAMENTALLY UNFAIR, OBJECTIVELY UNREASONABLE, CLEARLY ERRONEOUS, NOT REMOTELY SUPPORTED BY THE STATE COURT RECORD, AND CONTRARY TO CLEARLY ESTABLISHED SUPREME COURT PRECEDENTS.

18. IN ADDITION, PETITIONER DENIES AND DISPUTES EACH AND EVERY FINDING MADE BY THE MAGISTRATE JUDGE, AND SPECIFICALLY PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S RECOMMENDATIONS.

.C.

19. PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT IT IS FUNDAMENTALLY UNFAIR FOR RESPONDENT TO RAISE STATUTE OF LIMITATIONS DEFENSE ALMOST 22 MONTHS AFTER PETITIONER FILED HIS ORIGINAL FEDERAL HABEAS PETITION, AND REQUEST FOR STAY AND ABEYANCE PROCEDURE, AND AFTER PETITIONER EXHAUSTED STATE COURT REMEDIES ON ALL HIS CLAIMS IN HIS SAP. (DAY V. MCDONOUGH, 547 US 198, 205(2006)(EXHAUSTION

IS A "THRESHOLD" MATTER THAT MUST BE SATISFIED BEFORE THE COURT CAN CONSIDER THE MERITS OF EACH CLAIM); TREST V. CAIN, 522 US 87, 88 (1997) (PROCEDURAL DEFAULT IS NORMALLY A DEFENSE THAT THE STATE IS OBLIGATED TO RAISE AND PRESERVE IF IT IS NOT TO LOSE THE RIGHT TO ASSERT THE DEFENSE THEREAFTER); GRAY V. NETHERLAND, 518 US 152, 165-166 (1996) (PROCEDURAL DEFAULT IS AN AFFIRMATIVE DEFENSE); SEE ALSO CALIFORNIA EVIDENCE CODE § 623; DRISCOLL V. LOS ANGELES (1967) 67 CAL.2d 297 (THE DOCTRINE OF EQUITABLE ESTOPPEL MAY BE APPLIED AGAINST THE GOVERNMENT WHERE JUSTICE AND RIGHT REQUIRE IT); LANTZY V. CENTEX HOMES (2003) 31 CAL.4th 363, 384 (ALL THAT IS REQUIRED IS THAT THE DEFENDANT'S CONDUCT ACTUALLY HAVE MISLED THE PLAINTIFF, AND THAT PLAINTIFF REASONABLY RELIED ON THAT CONDUCT.)

20. IN SUPPORT OF PARAGRAPH 19, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT RESPONDENT HAS KNOWN, OR SHOULD HAVE KNOWN, THAT SINCE AUGUST 30, 2017, AND THEREAFTER, PETITIONER HAS BEEN SEEKING THE EXCULPATORY EVIDENCE OF THE DNA TEST RESULTS OF THE EVIDENCE COLLECTED BY POLICE TO DEMONSTRATE "BY CLEAR AND CONVINCING EVIDENCE" THAT HE IS "ACTUALLY INNOCENT" OF ASSAULTING THE VICTIM WITH A DEADLY WEAPON (A HEAVY DUTY MAG FLASHLIGHT), AND 'BUT FOR' THE CONSTITUTIONAL ERROR(S), IT IS MORE LIKELY THAN NOT THAT "NO REASONABLE JUROR WOULD HAVE

Found Petitioner Guilty Beyond a Reasonable Doubt." (SAP at 3-14, 15-20, 21-28, 29-32, 33-43, 44-52, 53-65, 66-77, 78-85, 86-94, 95-120, 121-140, 177-185, 186-187; See Also SAP Habeas Exhibits H, I, K, M, P, Q, T, U, X, AA, BB, CC, EE, II; LD# 5, 7, 9, 11, 13; CT at 4-111, 112-116, 114-115, 119-120, 121, 126-127, 128-130, 130, 136-142, 142; ACT at 4-11, 11, 14-18, 18, 23-24, 21-25, 25, 30-31, 32-33, 33.)

21. But, on May 14, 2020, or soonthereafter, Respondent Did Not Object to Petitioner Filing His Original Federal Habeas Petition and Motion for Stay and Abeyance Procedure, Beyond the Deadline of March 21, 2018. (ECF No. 1, 2.)

22. In addition, on June 15, 2020, or soonthereafter, Respondent Did Not Object to the Magistrate Judge' Findings and Recommendation to Grant Petitioner' Motion for a Stay to Exhaust State Court Remedies on His Claims In His First Amended Petition for Writ of Habeas Corpus, Beyond the Deadline of March 21, 2018. (ECF No. 9, 11.)

23. In addition, even after Petitioner Filed His Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 10), Respondent Did Not Object to the Magistrate Judge' Findings and Recommendation Granting Petitioner' Motion for Stay and Abeyance Procedure to Exhaust State Court Remedies on His Claims In His FAP, Beyond the Deadline of March 21, 2018.

24. IN ADDITION, ON SEPTEMBER 21, 2020, OR SOONTHEREAFTER, AFTER RESPONDENT WAS SERVED A COPY OF PETITIONER' "FIRST STATUS REPORT", RESPONDENT DID NOT OBJECT TO PETITIONER' FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018.

25. IN ADDITION, ON MARCH 4, 2021, WHEN THE DISTRICT COURT JUDGE GRANTED PETITIONER' MOTION FOR STAY AND ABEYANCE PROCEDURE TO EXHAUST STATE COURT REMEDIES ON HIS CLAIMS IN HIS FAP, RESPONDENT DID NOT OBJECT TO PETITIONER'S FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018. (ECF NO. 13.)

26. FURTHERMORE, RESPONDENT DID NOT SEEK APPELLATE REVIEW OF THE DISTRICT COURT JUDGE GRANTING PETITIONER' MOTION FOR STAY AND ABEYANCE PROCEDURE TO EXHAUST STATE COURT REMEDIES ON HIS CLAIMS IN HIS FAP. (SEE MITCHELL V. VALENZUELA, 791 F.3d 1166 (9TH CIR. 2015); BASTIDA V. CHAPPELL, 791 F.3d 1155 (9TH CIR. 2015); SEE ALSO SHEPARD V. GIPSON, 2014 U.S. DIST. LEXIS 15894 (E.D. CAL., FEB. 7, 2014, CASE NO. 2:13-CV-01812 JAM AC P) AT *10 (A STAY IS INAPPROPRIATE BECAUSE THE HABEAS PETITION ITSELF WAS UNTIMELY FILED); PHUONG V. WARDEN, 2019 US DIST. LEXIS 30629 (C.D. CAL., JAN. 14, 2019, CASE NO. 2:18-CV-03951-CJC-KES) AT * 4, 13 (SAME); MORRISON V. MACOMBER, 2017

U.S. DIST. LEXIS 167488 (C.D. CAL., MAR. 28, 2017, CASE NO. CV 16-68-GW (SP)) AT *14 ("IT WOULD BE FUTILE TO GRANT A STAY OF A PETITION THAT IS UNTIMELY NOW AND WILL STILL BE UNTIMELY WHEN ANY STAY MIGHT BE LIFTED".); CF. RHINES V. WEBER, 544 US 269 (2005) (STAYING TIMELY PETITION).)

27. ON APRIL 7, 2021, OR SOONTHEREAFTER, AFTER RESPONDENT WAS SERVED A COPY OF PETITIONER'S "SECOND STATUS REPORT", RESPONDENT DID NOT OBJECT TO PETITIONER'S FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018.

28. IN ADDITION, ON JULY 15, 2021, OR SOONTHEREAFTER, AFTER RESPONDENT WAS SERVED A COPY OF PETITIONER'S "THIRD STATUS REPORT", RESPONDENT DID NOT OBJECT TO PETITIONER'S FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018.

29. IN ADDITION, ON SEPTEMBER 13, 2021, OR SOONTHEREAFTER, AFTER RESPONDENT WAS SERVED A COPY OF PETITIONER'S "FOURTH STATUS REPORT", RESPONDENT DID NOT OBJECT TO PETITIONER'S FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018.

30. FURTHERMORE, ON JANUARY 21ST, 2022, OR SOONTHEREAFTER, RESPONDENT DID NOT OBJECT TO PETITIONER'S MOTION TO LIFT THE STAY (ECF NO. 18), AND DID NOT

OBJECT TO PETITIONER'' FEDERAL HABEAS PETITION BEING FILED ON MAY 14, 2020, BEYOND THE DEADLINE OF MARCH 21, 2018.

D.

31. THEREFORE, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT BASED UPON THE FOREGOING REASONS, RESPONDENT WAIVED, AND/OR FORFEITED, THE STATUTE OF LIMITATION DEFENSE. (DAY V. MCDONOUGH, SUPRA, 547 U.S. AT 208 (THE STATUTE OF LIMITATIONS IS AN AFFIRMATIVE DEFENSE TO HABEAS PETITION); SEE ID. AT 202, 210, N. 11 (A COURT IS NOT AT LIBERTY, THE HIGH COURT HAS CAUTIONED, TO BYPASS, OVERRIDE, OR EXCUSE A STATE'S DELIBERATE WAIVER OF A LIMITATIONS DEFENSE); SEE ALSO DEFOY V. MCCULLOUGH, 301 FED. APPX. 177, 180 (3d. CIR. 2008) (COURT FOUND RESPONDENT WAIVED THE STATUTE OF LIMITATIONS DEFENSE IN A HABEAS CASE BASED ON PREJUDICIAL DELAY WHERE IT WAS NOT PRESENTED UNTIL FIVE AND ONE HALF YEARS AFTER THE PETITION WAS FILED); NARDI V. STEWART, 354 F3d 1134, (9TH CIR. 2004) (DISTRICT COURT CANNOT SUA SPONTE DISMISS HABEAS PETITION AS UNTIMELY AFTER STATE FAILS TO RAISE STATUTE OF LIMITATIONS AS AFFIRMATIVE DEFENSE); CF. KISER V. JOHNSON, 163 F3d 326 (5TH CIR. 1999) (UNDER HABEAS RULE 4, DISTRICT COURT DID NOT ERR IN RAISING STATUTE LIMITATIONS DEFENSE TO HABEAS PETITION SUA SPONTE AND DISMISSING HABEAS PETITION); HILL V. BRAXTON, 277 F3d 701 (4TH CIR. 2002) (SAME), AND SEE LOPEZ V. MADDEN, 2016 U.S. DIST. LEXIS 31827, (C.D. CAL.; MAR. 11, 2016, (CASE NO. SACV 15-2160 SVW (FFM)) AT *

4 (THE DISTRICT COURT ISSUED AN OSC WHY THE PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED); ACOSTA V. BABCOCK, 2012 U.S. DIST. LEXIS 85800 (E.D. CAL., JUNE 20, 2012, CASE NO. 2:11-CV-3169 JFM (HC)) AT * 2 (SAME); COLEMAN V. HILL, 2022 U.S. DIST. LEXIS 110026 (C.D. CAL., MAY 9, 2022, CASE NO. 2:22-CV-01897-FLA-KES) AT *10 (THE COURT ISSUED AN OSC WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY).)

32. IN SUPPORT OF PARAGRAPH 31, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT THE DOCTRINE OF JUDICIAL ESTOPPEL PREVENTS RESPONDENT FROM ASSERTING THE STATUTE OF LIMITATIONS DEFENSE, BASED ON THE REASONS DISCUSSED ABOVE IN PARAGRAPHS 15 TO 30, AFTER PETITIONER EXHAUSTED STATE COURT REMEDIES ON HIS CLAIMS IN HIS SAP (LD #11, #12, #13, #14).[4] (SEE DAY V. MCDONOUGH, SUPRA, 547 US AT 205 (EXHAUSTION IS A "THRESHOLD" MATTER THAT MUST BE SATISFIED BEFORE THE COURT CAN CONSIDER THE MERITS OF EACH CLAIM); LONG V. WILSON, 393 F.3d 390, 404 (3d CIR. 2004) ("AEDPA" STATUTE OF LIMITATIONS ADVANCES THE SAME CONCERNS AS THOSE ADVANCED BY THE DOCTRINES

FOOTNOTE 4: THE HIGH COURT ADMONISHED AGAINST INTERPRETATION OF PROCEDURAL PRESCRIPTIONS IN FEDERAL HABEAS CASES TO "TRAP THE UNWARY PRO SE PRISONER." (ROSE V. LUNDY, 455 US 509, 520 (1982); ACCORD SLACK V. MCDANIEL, 529 US 473, 487 (2000).)

of exhaustion and procedural default, and must be treated the same."); See also New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (Judicial estoppel prevents inconsistent claims); Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."); Morris v. California, 945 F.2d 1456 (9th Cir. 1991) (Judicial estoppel to bar a party from taking inconsistent positions in the same litigation).)

. E.

33. Contrary to the magistrate judge' erroneous findings, Petitioner alleges, contends, and argues pursuant to Cullen v. Pinholster, supra, 563 U.S. 170, that the date of the factual predicates for claims three to eight of his SAP, "could not have been previously discovered through the exercise of due diligence" (Shinn v. Ramirez, supra, 142 S. Ct. at 1734), because of the state-created impediment in violation of the Constitution, as required by 28 USC § 2244(d)(1)(B), as a result of the state appointed appellate counsel' prejudicial deficient performance in failing to adequately investigate and argue

THE CRUCIAL "DEAD-BANG" WINNERS THAT WOULD HAVE RESULTED IN REVERSAL OF PETITIONER'S CONVICTION. (SAP AT 78-85; SEE EDWARDS V. CARPENTER, 529 US 446, 451 (2000); COLEMAN V. THOMPSON, 501 US 722, 750, 753 (1991); MURRAY V. CARRIER, 477 US 478, 488, 489, 490-492 (1986); McCLESKEY V. ZANT, 499 US 467, 497 (1991) (HOLDING THAT FOR CAUSE TO EXIST, THE EXTERNAL IMPEDIMENT MUST HAVE PREVENTED THE PETITIONER FROM RAISING THE CLAIM); SEE SHINN V RAMIREZ, SUPRA, 142 S. CT. AT 1734 (INTERPRETING "FAIL" TO MEAN THAT THE PRISONER MUST BE "AT FAULT" FOR THE UNDEVELOPED RECORD IN STATE COURT); ACCORD WILLIAMS V. TAYLOR, 529 US 420, 432 (2000) (A PRISONER IS "AT FAULT" IF HE "BEARS RESPONSIBILITY FOR THE FAILURE" TO DEVELOP THE RECORD).) THUS, PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING SINCE HE WAS DILIGENT IN HIS EFFORTS TO DEVELOP FACTS SUPPORTING HIS CLAIMS IN STATE COURT PROCEEDING. (ID. AT 429-444; ACCORD SHOOP V. TWYFORD, SUPRA, 142 S. CT. AT 2044 (A FEDERAL COURT MAY ADMIT NEW EVIDENCE, BUT ONLY IF IT MUST RELY ON A FACTUAL PREDICATE THAT COULD NOT HAVE BEEN PREVIOUSLY DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE).)

34. IN SUPPORT OF PARAGRAPH 33, PETITIONER ALLEGES, CONTENDS, AND ARGUES PURSUANT TO 28 USC § 2244 (d)(1)(B), THAT THE STATE-CREATED IMPEDIMENT IN VIOLATION OF THE CONSTITUTION IS THE RESULT OF THE CALIFORNIA COURT OF APPEAL,

AND/OR CALIFORNIA SUPREME COURT, ARBITRARILY REFUSING TO RECALL THE REMITTITUR ISSUED IN PEOPLE v. DONOVAN, 2016 CAL. APP. UNPUB LEXIS 7222, (CAL. APP. 5TH DIST., OCT. 4, 2016, F070345 (LD. 2; HABEAS EXHIBIT A), BASED ON INEFFECTIVE ASSISTANCE OF THE COURT APPOINTED APPELLATE ATTORNEY IN VIOLATION OF EVITTS v. LUCEY, 469 US 387 (1985).[5] (SEE SAP AT 78-85; HABEAS EXHIBIT U AT pp. 30-53, 53, 54; LD #9, 10, 13, 14; HABEAS EXHIBIT AA (QUESTION #5); HABEAS EXHIBIT CC AT 3-4; CT 114-115, 115; SEE ALSO SMITH v. ROBBINS, 528 US 259 (2000) (NEW APPEAL BASED ON INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL); EVITTS v. LUCEY, SUPRA, 469 US 387 (SAME); LYNCH v. DOLCE, 789 F.3d 303, 320 (2d CIR. 2015) (THE APPROPRIATE REMEDY FOR INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS

FOOTNOTE 5: IN MONTGOMERY v. LOUISIANA, 136 S.Ct 718 (2016) THE HIGH COURT EXPLAINED THAT IF A STATE COURT'S COLLATERAL PROCEEDINGS IS OPEN TO A CLAIM CONTROLLED BY FEDERAL LAW, THE STATE COURT "HAS A DUTY TO GRANT RELIEF THAT FEDERAL LAW REQUIRES." (Id. AT 731 (QUOTING YATES v. AIKEN 484 US 211, 218 (1988)).) THUS, THE CALIFORNIA COURTS HAD NO AUTHORITY TO LEAVE IN PLACE A CONVICTION OR SENTENCE THAT VIOLATES A SUBSTANTIVE RULE (MONTGOMERY v. LOUISIANA, SUPRA, 136 S.Ct AT 731) SUCH AS PETITIONER ALLEGED IN HIS SAP. (SAP AT 78-85, 3-14, 15-20, 21-28, 29-32, 33-43, 44-52.)

TO GRANT A NEW APPEAL); HAYWARD V. STONE, 496 F2d 844, 845 (9TH CIR. 1974); MILLER V. KEENEY, 882 F2d 1428, 1434 (9TH CIR 1989); LOHER V. THOMAS, 825 F3d 1103, 1123 (9TH CIR. 2016) (SAME); IN RE SERRANO (1995) 10 CAL. 4TH 447, 450 (RECALLED THE REMITTITUR AND REINSTATED DEFENDANT'S APPEAL BASED ON INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL); PEOPLE V. MUTCH (1971) 4 CAL 3d 389, 396-397; IN RE SMITH (1970) 3 CAL 3d 192; IN RE GRUNAU (2008) 169 CAL. APP. 4TH 977 (RECALLED THE REMITTITUR AND REINSTATED THE APPEAL BASED ON INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL).) THUS, THIS COURT SHOULD ORDER THE STATE OF CALIFORNIA TO RECALL THE REMITTITUR IN PEOPLE V. DONOVAN, SUPRA, 2016 CAL. APP UNPUB LEXIS 7222 (LD 2), AND REINSTATE HIS APPEAL. (HENDRICKS V. ZENON, 993 F2d 664 (9TH CIR. 1993) (ORDERING STATE OF OREGON TO GRANT HENDRICKS A NEW APPEAL); SEE SMITH V. PHILLIPS, 455 US 209, 211 (1982) (FEDERAL COURTS MAY INTERVENE IN STATE JUDICIAL PROCEEDINGS ONLY TO CORRECT WRONGS OF CONSTITUTIONAL DIMENSION); SEE ALSO JIMENEZ V. QUARTERMAN, 555 US 113, 118-121 (2009) (WHEN THE INMATE' OUT-OF-TIME APPEAL BECAME FINAL WAS THE CONTROLLING DATE UNDER 28 USC § 2244(d)(1)(A)).)

F.

15. CONTRARY TO THE MAGISTRATE JUDGE'S ERRONEOUS FINDINGS, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT THE DATE OF THE FACTUAL PREDICATES FOR CLAIM NINE (SAD AT 53-65), "COULD NOT HAVE BEEN PREVIOUSLY

DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE" (SHINN V. RAMIREZ, SUPRA, 142 SCT AT 1734), UNTIL APRIL 10, 2021, WHEN HE DISCOVERED, BY AND THROUGH JOHNSON V. AVERY, SUPRA, 393 US 483, IN RE SMITH (2020) 49 CAL. APP 5TH 377, THAT HELD, PURSUANT TO DANFORD V. MINNESOTA, 552 U.S. 264 (2008), MCCOY V. LOUISIANA, 138 SCT 1500 (2018), RETROACTIVE ON HABEAS CORPUS REVIEW. (SEE HABEAS EXHIBIT II; SEE ALSO "STATUS REPORT THREE", WITH LETTER OF APRIL 10, 2021 AND GROUND SEVEN FROM F081683, ATTACHED THERETO; AND SEE FORD V. GONZALES, 683 F3D 1230, 1235 (9TH CIR. 2012) (THE "DUE DILIGENCE CLOCK STARTS TICKING WHEN A PERSON KNOWS OR THROUGH DILIGENCE COULD DISCOVER THE VITAL FACTS, REGARDLESS OF WHEN THEIR LEGAL SIGNIFICANCE IS ACTUALLY DISCOVERED".).)

.G.

36. CONTRARY TO THE MAGISTRATE JUDGE'S ERRONEOUS FINDINGS, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT THE DATE OF THE FACTUAL PREDICATES FOR CLAIM TEN, AND/OR CLAIM TWELVE, (SAP AT 66-77, 80-94), "COULD NOT HAVE BEEN PREVIOUSLY DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE" (SHINN V. RAMIREZ, SUPRA, 142 SCT AT 1734), UNTIL AUGUST 20, 2021, WHEN HE DISCOVERED, BY AND THROUGH JOHNSON V. AVERY, SUPRA, 393 US 483, THAT THE TRIAL JUDGE AND TRIAL COUNSEL HAD A PROFESSIONAL AND PERSONAL RELATIONSHIP, IN THAT, THEY WERE LAW PARTNERS IN THE TRIAL JUDGE'S LAW FIRM. (SEE SAP AT 88, PARA. 251 & FN. 6; SEE ALSO

LD# 11 AT p. 5; SEE ALSO FORD V. GONZALES, SUPRA, 683 F.3d AT 1235.)

-H.

37. CONTRARY TO THE MAGISTRATE JUDGE' ERRONEOUS FINDINGS, PETITIONER ALLEGES, CONTENDS, AND ARGUES THAT THE DATE OF THE FACTUAL PREDICATES FOR CLAIM THIRTEEN, AND/OR FOURTEEN (SAP AT 95-120, 121-140), "COULD NOT HAVE BEEN PREVIOUSLY DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE" (SHINN V. RAMIREZ, SUPRA, 142 S.Ct AT 1734), UNTIL THE TRIAL COURT ARBITRARILY DENIED PETITIONER' STATE CREATED RIGHTS, ON APRIL 2, 2020, AND JULY 27, 2020. (SEE LD#7, #8, #9, #10, #11, #12, #13, #14; SEE ALSO SEGAL V. BITER, 1994 U.S. App. LEXIS 30628, 1994 WL 594705 AT *1 (9TH CIR. 10/31/94) ("PROTECTED LIBERTY INTERESTS MAY ARISE EITHER FROM THE DUE PROCESS CLAUSE ITSELF OR FROM STATUTORY OR REGULATORY PROVISIONS"); HEWITT V. HELMS, 459 U.S. 460, 466 (1983); SEE ALSO MORRISON V. PETERSON, 809 F.3d 1059, 1064-65 (9TH CIR. 2015) (THE COURT HELD THAT A CALIFORNIA PRISONER SEEKING POST-CONVICTION DNA TESTING HAS A LIBERTY INTEREST IN "DEMONSTRATING [HIS] INNOCENCE WITH NEW EVIDENCE UNDER STATE LAW."))

VERIFICATION BY JAILHOUSE LAWYER

I, STEPHEN F. SNOW K20414, DECLARE:

1. I HAVE BEEN PROVIDING JEREMIAH J. DONOVAN, PETITIONER ASSISTANCE PURSUANT TO JOHNSON V. AVERY, SUPRA, 393 US 483, IN CONDUCTING RESEARCH IN ORDER TO PREPARE HIS LEGAL PAPERS FOR PETITIONER TO FILE WITH THE STATE AND FEDERAL COURTS.

2. I DECLARE UNDER THE PENALTY OF PERJURY, 28 USC § 1746, THAT THE FOREGOING IS TRUE AND CORRECT BASED UPON MY OWN PERSONAL KNOWLEDGE FROM READING PETITIONER'S LEGAL PAPERS AND THE FOREGOING CITED AUTHORITIES.

EXECUTED ON THE 20TH DAY OF SEPTEMBER 2022, AT MULE CREEK STATE PRISON, IONE, CA 95640.

[signature]
STEPHEN F. SNOW, DECLARANT

III

CONCLUSION

38. THEREFORE, BASED UPON THE FOREGOING REASONS, THE DISTRICT COURT SHOULD "DETERMINE WHETHER THE INTERESTS OF JUSTICE WOULD BE BETTER SERVED" BY ADDRESSING THE MERITS OF PETITIONER CONSTITUTIONAL CLAIMS IN HIS SAP, OR BY DISMISSING THE PETITION AS TIME BARRED. (DAY V. MCDONOUGH, SUPRA, 547 US AT 210; SEE GRANBERRY V. GREER, 481 US 129, 136 (1987); SEE ALSO LEE V. LAMPERT, SUPRA, 653 F3d 929 (HOLDING THAT "A PETITIONER IS NOT BARRED BY THE AEDPA STATUTE OF LIMITATIONS FROM FILING AN OTHERWISE UNTIMELY HABEAS PETITION IF THE PETITIONER MAKES A CREDIBLE SHOWING OF 'ACTUAL INNOCENCE' UNDER SCHLUP V. DELO.").)

DATED: SEPTEMBER 30, 2022

RESPECTFULLY SUBMITTED

[signature]

JEREMIAH J. DONOVAN, PETITIONER

SUPREME COURT
FILED

DEC 22 2021

Jorge Navarrete Clerk

Deputy

S270868

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JEREMIAH J. DONOVAN on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

CANTIL-SAKAUYE

*Chief Justice*

STEPHEN SNOW
K-20414; E20-B103-4 L
Mule Creek State Prison
PO BOX 409090
IONE. CA 95640

HONORABLE ANA de ALBA, DISTRICT COURT JUDGE

c/o: Clerk of the U.S. District Court
for the Eastern District of California
501 I Street, Room 4-200
Sacramento, California 95814

**CONFIDENTIAL**

**LEGAL MAIL**

RE: CASE NO. 1:20-CV-00694-ADA-EPG(HC)