UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH DONOVAN,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>        Respondent. | No.  1:20-cv-00694-ADA-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 21, 25, 29) |

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On July 25, 2022, the assigned Magistrate Judge issued findings and recommendations that recommended granting Respondent's motion to dismiss Plaintiff's second amended petition as untimely.  (ECF No. 29.)  On October 5, 2022, Petitioner filed objections.  (ECF No. 33.)

       Petitioner's primary objection is that Respondent has waived the right to assert the statute of limitations as an affirmative defense.  (ECF No. 33 at 11–18.)  In support of this contention, Petitioner asserts that Respondent never objected to Petitioner's request for a stay and abeyance of his petition while he sought to exhaust state court remedies.  (*Id.* at 11.)  Additionally, Respondent failed to object on statute of limitations grounds when Petitioner filed his initial

petition and when Petitioner filed several status reports regarding his petition. (*Id.* at 12–16.)

The statute of limitations is an affirmative defense. *See Randle v. Crawford*, 604 F.3d 1047, 1052 (9th Cir. 2010) (citing *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Therefore, respondents waive such a defense if they do not raise it in their first responsive pleading. *Id.* A responsive pleading is "a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer." *Morrison*, 399 F.3d at 1046. The requirement to raise affirmative defenses does not apply to motions or other papers. *Id.*

Respondent did not file any responsive pleadings in this case prior to filing a motion to dismiss. In that motion, Respondent raised the statute of limitations as an affirmative defense. Moreover, Petitioner points to nothing in the record indicating that the "state 'strategically' withheld the defense or chose to relinquish it." *See Day v. McDonough*, 547 U.S. 198, 211 (2006). Given these facts, the Court cannot find that Respondent at any time waived the statute of limitations as a defense.

The absence of waiver also forecloses Petitioner's argument that the doctrine of judicial estoppel should prevent Respondent from raising the statute of limitations as a defense. (*See* ECF No. 33 at 17–18.) Petitioner appears to base his argument on the fact that Respondent's failure to raise the statute of limitations at an earlier point in time is inconsistent with the decision to raise the defense after Plaintiff spent substantial time exhausting state law remedies. When applying the doctrine of judicial estoppel courts consider: "(1) whether a party's position in the later judicial proceeding is clearly inconsistent with that party's earlier position, (2) whether the party persuaded the first court to accept the earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that one of the two courts was misled, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Randle*, 604 F.3d at 1053–54.

Because Respondent neither expressly nor impliedly waived a statute of limitations defense, the assertion of that defense in a motion to dismiss does not expose any inconsistency in his position. Additionally, because there is no inconsistency, there can be no perception that

1  Respondent misled the Court.  Finally, raising the statute of limitations in the motion to dismiss
2  did not "impose an unfair detriment" on Petitioner.  Rather, Respondent permitted Petitioner an
3  opportunity to litigate his claims in state court without losing the opportunity to pursue claims in
4  federal court.  Therefore, the doctrine of judicial estoppel is not applicable in this case.

5  Separately, Petitioner argues that the statute of limitations should be tolled "as a result of
6  the state appointed appellate counsel's prejudicial [sic] deficient performance in failing to
7  adequately investigate and argue the crucial 'dead bang' winners that would have resulted in
8  reversal of petitioner's conviction."  (ECF No. 33 at 18–19.)  Petitioner appears to argue that the
9  Court should attribute to his appellate counsel any failure to exhaust claims in state court or to
10 follow proper state court procedures.  This argument, however, fails to address the statute of
11 limitations question.  Whether Petitioner's appellate counsel properly raised certain arguments on
12 direct appeal has no bearing on whether Petitioner filed his federal habeas petition within the
13 statutory time limit.  Petitioner's argument, therefore, does not provide a basis for tolling the
14 statute of limitations.

15 Finally, Petitioner argues that the Court should find that the statute of limitations should
16 be tolled for his ninth, tenth, twelfth, thirteenth, and fourteenth claims pursuant to 28 U.S.C. §
17 2244(d)(1)(D).  (ECF No. 33 at 18–23.)  Under that provision, the one-year statute of limitations
18 on federal habeas claims begins to run on "the date on which the factual predicate of the claim or
19 claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §
20 2244(d)(1)(D).

21 Petitioner's ninth claim is one for ineffective assistance of counsel based on the fact that
22 Petitioner's trial counsel conceded guilt during closing argument against Petitioner's wishes.
23 (ECF No. 21 at 95.)  Following Petitioner's conviction and direct appellate review, the Supreme
24 Court held that such conduct violates the Sixth Amendment's guarantee of assistance of counsel.
25 *McCoy v. Louisiana*, 138 S. Ct. 1500, 1505 (2018).  Petitioner claims that an intervening
26 California Court of Appeals decision holding that *McCoy* applies retroactively on state collateral
27 review should have tolled the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).  (ECF No.
28 33 at 21–22.)  The California Court of Appeals issued its opinion in that case – *In re Smith*, 263

3

Cal. Rptr. 3d 63 (Cal. Ct. App. 2020) – on May 26, 2020.  Petitioner claimed he discovered the existence of the case through legal research on April 10, 2021.  (ECF No. 33 at 22.)  First, the Court notes that Petitioner's argument concerns a legal, rather than a factual, predicate.  It is, therefore, proper to analyze the applicable statute of limitations under 28 U.S.C. § 2244(d)(1)(C) rather than subsection (D).  Section 2244(d)(1)(C) states that the one-year statute of limitations for federal habeas petitions begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Ninth Circuit has held that the Supreme Court's rule in *McCoy* is not retroactive on collateral review.  *Christian v. Thomas*, 982 F.3d 1215, 1224–25 (9th Cir. 2020).  The fact that a California state appellate court has held to the contrary simply reflects the fact that state courts have the power "to give broader effect to new rules of criminal procedure than is required by" Supreme Court precedent.  *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008).  That power, however, does not alter the meaning of the language in 28 U.S.C. § 2244(d)(1)(C) as it applies in federal district court.  Petitioner's argument that the statute of limitations for this claim should have begun to run either on May 26, 2020 – the date the California Court of Appeals issued its opinion – or April 10, 2021 – when Petitioner discovered the existence of the opinion – is, therefore, without merit.

    Petitioner's tenth and twelfth claims allege that the trial judge in his case was biased because he was, at one time, law partners in the same firm as Petitioner's trial counsel.  (ECF No. 33 at 22.)  Plaintiff claims that he discovered this purported conflict of interest on August 20, 2021 while preparing his federal habeas petition and that he could not have discovered the fact sooner through the exercise of due diligence.  (*Id.*)  Nevertheless, Plaintiff cites to *People v. Halter*, No. F034496, 2001 Cal. App. Unpub. LEXIS 1185* (Cal. Ct. App. Nov. 29, 2001), as evidence of the association between the trial judge and trial counsel.  (*See* ECF No. 21 at 130.)  This case is in an online legal database and predates Petitioner' conviction by well over a decade.  The Court, therefore, finds that Petitioner's discovery of the professional relationship between his trial counsel and trial judge does not constitute new information that Plaintiff was unable to discover at an earlier time through the exercise of due diligence.

Finally, Petitioner's thirteenth and fourteenth claims allege that the trial judge's refusal to order DNA testing, and the District Attorney's refusal to conduct DNA testing, violated Petitioner's right to due process. (ECF No. 21 at 137, 163.) Plaintiff claims that the statute of limitations on these claims did not begin to run until the trial court issued its final ruling denying Petitioner's request for DNA testing. (ECF No. 33 at 23.) The Magistrate Judge's findings and recommendations explain that there is no freestanding due process right to DNA evidence and that the failure to conduct such testing does not toll the statute of limitations. (ECF No. 29 at 5–7.) The Court agrees with the Magistrate Judge's analysis on this point and finds that Petitioner's objection does not have merit.

In accordance with the provisions of 28 U.S.C. §636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

5

Accordingly,

1. The findings and recommendations issued on July 25, 2022, (ECF No. 29), are adopted in full;
2. Respondent's motion to dismiss, (ECF No. 25), is granted;
3. The second amended petition for writ of habeas corpus, (ECF No. 21), is dismissed as untimely;
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  January 10, 2023

UNITED STATES DISTRICT JUDGE